UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
ALASKA LABORERS EMPLOYERS : Civil Action No. 1:07-cv-07402-GBD
RETIREMENT FUND, Individually and On :
Behalf of All Others Similarly Situated, : CLASS ACTION
:
            Plaintiff, :
:
      vs. :
:
SCHOLASTIC CORP., et al., :
:
            Defendants. :
————————————————————:
PAUL BAICU, Individually and On Behalf of : Civil Action No. 1:07-cv-08251-GBD
All Others Similarly Situated, :
: CLASS ACTION
            Plaintiff, :
:
      vs. :
:
SCHOLASTIC CORPORATION, et al., :
:
            Defendants. :
:
———————————————————— x

**MEMORANDUM IN SUPPORT OF THE MOTION OF ALASKA LABORERS EMPLOYERS
RETIREMENT FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL**

## I.     PRELIMINARY STATEMENT

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Scholastic Corp. ("Scholastic" or the "Company") common stock between March 18, 2005 and March 23, 2006, inclusive (the "Class Period").  The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(u)-4, et seq.) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Alaska Laborers Employers Retirement Fund ("Alaska Laborers") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Alaska Laborers as Lead Plaintiff in the Actions under §21D(a)(3)(B) of the Exchange Act; and (iii) approve Alaska Laborers' selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Alaska Laborers is the most adequate plaintiff, as defined by the PSLRA.  Alaska Laborers is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs).  Moreover, as an institutional investor, Alaska Laborers is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Alaska Laborers incurred a substantial $54,461.90 loss on its transaction in Scholastic shares.  *See* Alba Decl., Ex. B.[1]  To the best of its knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as lead plaintiff in these Actions.  In addition, Alaska Laborers, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class.

## II.    FACTUAL BACKGROUND[2]

Scholastic, together with its subsidiaries, engages in the publishing and distribution of children's books, as well as the development of educational technology products in the United States and internationally.

The complaint charges Scholastic and certain of its officers and directors with violations of the Exchange Act.  According to the complaint, during the Class Period, Defendants issued materially false and misleading statements that misrepresented and failed to disclose: (i) that the Company's Educational Publishing division was suffering from a variety of adverse factors which were causing it to experience declining results and, as a result, was not performing according to internal expectations; (ii) that the Company's operations in the United Kingdom were not performing

---

[1]    References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated October 19, 2007, and submitted herewith.

[2]    These facts are drawn from the allegations in the action entitled *Alaska Laborers Employers Retirement Fund vs. Scholastic Corp., et al.*, Civil Action No. 1:07-cv-07402-GBD (the "*Alaska Laborers* Action").  Subsequent to the filing of the complaint, on October 1, 2007, Alaska Laborers made a motion for its appointment as Lead Plaintiff in the action entitled *Elliot Greenberg vs. American Home Mortgage Investment Corp., et al.*, Civil Action No. 2:07-cv-03152-TCP-ETB (E.D.N.Y.).  The motion is pending.

well and would have to be reorganized; (iii) that the Company's financial results were materially overstated as it was failing to timely write-down the value of certain print reference assets and it was failing to properly reserve for certain bad debts; and (iv) as a result of the foregoing, Defendants lacked a reasonable basis for their positive statements about the Company and its prospects.

On December 16, 2005, Scholastic issued a press release announcing its financial results for the fiscal second quarter of 2006, the period ending November 30, 2005. For the quarter, the Company reported net income of $66.9 million. In response to the disappointing earnings announcement, the price of Scholastic common stock declined from $33.10 per share to $29.30 per share on heavy trading volume. The complaint further alleges that Defendants, however, continued to conceal the scope of the problems at the Company and maintained earnings guidance that they knew could not be met.

Then, on March 23, 2006, Scholastic issued a press release announcing its financial results for the third quarter of 2006, the period ending February 28, 2006. The Company reported a net loss of $15.5 million or ($0.37) per share. In response to the Company's announcement, the price of Scholastic common stock declined from $29.42 per share to $26.04 per share on heavy trading volume.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of Scholastic shareholders for alleged violations of the Exchange Act.  The Actions name similar Defendants (*i.e.*, officers and directors of Scholastic) and involve the same factual and legal issues.  The Actions are each brought by shareholders of Scholastic during the relevant time period who were injured by the Defendants' fraud, which was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact.  *See*

- 3 -

Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

**IV.    Alaska Laborers Should Be Appointed Lead Plaintiff**

      **A.    The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Alaska Laborers* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business-oriented newswire service, on August 20, 2007. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D.

Mass. 1996).

> **B.      Alaska Laborers Satisfies the "Lead Plaintiff" Requirements of the
>           Exchange Act**
>
> > **1.      Alaska Laborers Has Complied with the Exchange Act and
> >           Should Be Appointed Lead Plaintiff**

The time period in which Class members may move to be appointed lead plaintiff herein

under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on October 19, 2007.  Pursuant to the provisions of

the PSLRA, and within the requisite time frame after publication of the required notice on August

20, 2007, Alaska Laborers timely moves this Court to be appointed Lead Plaintiff on behalf of all

members of the Class.

Alaska Laborers has duly signed and filed a certification stating that it is willing to serve as

the representative party on behalf of the Class.  *See* Alba Decl., Ex. C.  In addition, Alaska Laborers

has selected and retained competent counsel to represent itself and the Class.  *See* Alba Decl., Ex. D.

Accordingly, Alaska Laborers has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B)

and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of

Lead Counsel as set forth herein, considered and approved by the Court.

> **C.      Alaska Laborers Is Precisely the Type of Lead Plaintiff Congress
>           Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large,

organized institutional investors to play a more prominent role in securities class actions.  *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference

Committee believes that increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Alaska Laborers, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See Id.*

**D.      Alaska Laborers Has the Requisite Financial Interest in the Relief Sought by the Class**

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Alaska Laborers incurred a substantial $54,461.90 loss on its transaction in Scholastic shares. *See* Alba Decl., Ex. B. Alaska Laborers thus has a significant financial interest in this case. Therefore, Alaska Laborers satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

**E.      Alaska Laborers Otherwise Satisfies Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Alaska Laborers satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Impath,* 2004 U.S. Dist. LEXIS 13898, at *18.

Alaska Laborers satisfies this requirement because, just like all other Class members, it: (1) purchased Scholastic shares during the Class Period; (2) was adversely affected by Defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Alaska Laborers' claims are typical of those of other Class members since its claims and the claims of other Class

- 7 -

members arise out of the same course of events.  Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Alaska Laborers to represent the Class to the existence of any conflicts between the interests of Alaska Laborers and the members of the Class.  The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation.  *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Alaska Laborers is an adequate representative of the Class.  As evidenced by the injuries suffered by Alaska Laborers and the Class, the interests of Alaska Laborers are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Alaska Laborers' interests and those of the other members of the Class.  Further, Alaska Laborers has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Alaska Laborers' proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Alaska Laborers *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### F.    The Court Should Approve Alaska Laborers' Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, Alaska Laborers has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest

recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Alaska Laborers' selection of counsel.

## V.    CONCLUSION

For all the foregoing reasons, Alaska Laborers respectfully requests that the Court:  (i) consolidate the Actions; (ii) appoint Alaska Laborers as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  October 19, 2007              COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
                                      SAMUEL H. RUDMAN
                                      DAVID A. ROSENFELD
                                      MARIO ALBA JR.


                                           */s/ Mario Alba Jr.*
                                      _____
                                          MARIO ALBA JR.

                                      58 South Service Road, Suite 200
                                      Melville, NY  11747
                                      Telephone:  631/367-7100
                                      631/367-1173 (fax)

                                      [Proposed] Lead Counsel for Plaintiffs

- 9 -

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on October 19, 2007, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

> Memorandum in Support of the Motion of Alaska Laborers Employers Retirement Fund for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and

> Declaration of Mario Alba Jr. in Support of the Motion of Alaska Laborers Employers Retirement Fund for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

_/s/ Mario Alba Jr._
Mario Alba Jr.

SCHOLASTIC 07

Service List - 10/19/2007   (07-0182)

Page 1 of  1

**Counsel For Defendant(s)**

Michael J. Chepiga
David  Elbaum
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY  10017-3954
    212/455-2000
    212/455-2502 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
    516/741-4977
    516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
    631/367-7100
    631/367-1173 (Fax)

Richard A. Maniskas
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
    610/667-7706
    610/667-7056 (Fax)