UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
ALASKA LABORERS EMPLOYERS              :
RETIREMENT FUND, Individually and On Behalf : Case No. 07-cv-7402 (GBD)
of All Others Similarly Situated,      :
                                       :
                Plaintiff,             :
                                       :
        vs.                            :
                                       :
SCHOLASTIC CORP., RICHARD ROBINSON     :
and MARY WINSTON,                      :
                                       :
                Defendants.            :
-----------------------------------------------------------------x
PAUL BAICU, Individually and On Behalf of All :
Others Similarly Situated,             : Case No. 07-cv-8251 (GBD)
                                       :
                Plaintiff,             :
                                       :
        vs.                            :
                                       :
SCHOLASTIC CORP., RICHARD ROBINSON     :
and MARY WINSTON,                      :
                                       :
                Defendants.            :
                                       :
-----------------------------------------------------------------x
```

**DEFENDANTS' RESPONSE TO MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Defendants Scholastic Corporation, Richard Robinson and Mary Winston respectfully submit this memorandum in connection with the motion for appointment of lead plaintiff and approval of lead counsel.

Defendants agree that consolidation of the captioned cases is appropriate under Rule 42(a). Defendants do not take any position at this time regarding the selection of the proposed lead plaintiff or the adequacy of lead counsel. Defendants reserve the right, however,

to take discovery on class certification issues and to challenge the appointment of lead plaintiff and lead counsel as class representative and class counsel, respectively, if and when the class certification process occurs.[1]

Dated: New York, New York
       October 29, 2007

                                   SIMPSON THACHER & BARTLETT LLP

                                   By  /s/ Michael J. Chepiga_____
                                         Michael J. Chepiga
                                         David Elbaum
                                         425 Lexington Avenue
                                         New York, New York  10017-3954
                                         Telephone: (212) 455-2000
                                         Facsimile:  (212) 455-2502

                                         *Attorneys for Defendants*

---

[1] *See Tarica v. McDermott Int'l, Inc.*, No. CIV.A.99-3831, 2000 WL 377817, at \*5 (E.D. La. Apr. 13, 2000) (where the defendants did not challenge the plaintiff's motion for appointment of lead plaintiff and lead counsel, court granted motion "without prejudice to revisit this issue in considering a motion for class certification"); *In re Party City Secs. Litig.*, 189 F.R.D. 91, 106 n.12 (D.N.J. 1999) ("The determination, however, that some or all of the Proposed Lead Plaintiffs meet the requirements of Rule 23 does not preclude the possibility of revisiting the issue at the class certification stage.  The opportunity for . . . Defendants to contest class certification on these grounds is preserved."); *In re Cephalon Sec. Litig.*, No. CIV. A. 96-CV-0633, 1996 WL 5153203, at \*1 (E.D. Pa. Aug. 27, 1996) (order appointing lead plaintiff "does not affect any right defendants may have to contest class certification or any element thereof"); *see also In re Oxford Health Plans, Inc.,* 191 F.R.D. 369, 373 (S.D.N.Y. 2000) ("As a threshold matter, Defendants point out, and the Court agrees, that the appointment of lead plaintiffs occurring as it does in advance of class discovery, is not a final ruling on their appropriateness as Class Representatives.  The proposed class and Class Representatives are to be reviewed according to the standards of Rule 23, without any deference to the earlier determinations made in the appointment of Lead Plaintiffs.") (citation omitted).